**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID R. SHAW,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
DE-300A-18-0232-I-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David R. Shaw, Wichita, Kansas, pro se.

Zane P. Schmeeckle, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for the lack of jurisdiction over the employment practices claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a preference-eligible veteran and was appointed to a career-conditional appointment as a GS-12 IT Specialist (INFOSEC), effective July 1, 2012. Initial Appeal File (IAF), Tab 6 at 33. The agency posted a vacancy announcement for a competitive-service GS-13 IT Specialist (INFOSEC) position, which was open from January 3 to 9, 2018. *Id.* at 15, 24-32. The announcement also provided that it would close earlier if "an adequate pool of at least 50 eligible applicants is reached." *Id.* at 26. The agency closed the announcement on January 4, 2018, after exceeding this number. *Id.* at 15-22, 24. The appellant did not apply to the vacancy. IAF, Tab 1 at 5. However, he filed an appeal with the Board challenging the agency's actions related to the job announcement.[2] *Id.* at 1, 5. He requested a hearing. *Id.* at 2.

In an acknowledgment order, the administrative judge informed the appellant of his burden of proving the Board's jurisdiction over his appeal. IAF,

---

[2] During the adjudication of a related Veterans Employment Opportunity Act of 1998 (VEOA) appeal, the appellant seemed to raise an employment practices claim. *See Shaw v. Department of Veterans Affairs*, MSPB Docket No. DE-3330-18-0231-I-1. The administrative judge docketed the employment practices claim as this separate appeal.

Tab 2 at 3-4. He set forth the circumstances in which the Board may exercise jurisdiction over an employment practices claim under 5 C.F.R. part 300, subpart A. *Id.* He ordered the appellant to file evidence and argument on this jurisdictional issue. *Id.* at 4-5. The appellant responded that by limiting the number of applicants to 50 and closing the announcement after less than 24 hours, the agency discriminated against disabled veterans in violation of 5 C.F.R. § 300.103(c). IAF, Tab 8 at 4.

Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). He found that the appellant failed to nonfrivolously allege that the agency's early closure of the vacancy announcement constituted a violation of a basic requirement of 5 C.F.R. § 300.103. ID at 3-4.

The appellant timely filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency filed a response to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant failed to establish jurisdiction over his employment practices claim. ID at 1-2. We agree. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board under 5 C.F.R. § 300.104(a). *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in administering; and

---

[3] The petition for review also contains the appellant's arguments for his VEOA appeal, which we address in our decision in that separate appeal. *See Shaw v. Department of Veterans Affairs*, MSPB Docket No. DE-3330-18-0231-I-1.

second, the employment practice must be alleged to have violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). "Employment practices," as defined in OPM's regulations, "affect the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. The administrative judge found that the appellant failed to meet his burden to nonfrivolously allege that the early closure of the vacancy announcement prevented disabled veterans from applying for jobs. ID at 4.

We modify this reasoning to find that the appellant failed to establish jurisdiction for an even more fundamental reason. Here, the appellant's concerns, below and on review, are about the agency's actions before he was able to apply to the vacancy job announcement, not about how it arrived at its decision to select one candidate over another. IAF, Tab 1 at 5, Tab 8 at 4; PFR File, Tab 1 at 4-5. The alleged violations do not concern matters related to the appellant's status as an applicant for employment because, as is undisputed, he did not apply to the job vacancy. IAF, Tab 1 at 5. However, only "candidates" may bring employment practices appeals to the Board under 5 C.F.R. § 300.104(a). *National Treasury Employees Union v. Office of Personnel Management*, 118 M.S.P.R. 83, ¶ 9 (2012). Because only a candidate for employment can file an employment practices appeal, the fact that the appellant did not apply for the vacancy is fatal to his appeal.[4] Therefore, the appellant has not raised a cognizable employment practices claim within the Board's jurisdiction.

---

[4] On review, the appellant reasserts his argument that the agency's practices of providing less than 24 hours for applicants to apply to a job vacancy announcement violated 5 C.F.R. § 300.103(c). PFR File, Tab 1 at 4. However, in light of our finding that the appellant is not a "candidate" who may bring employment practices appeals to the Board under 5 C.F.R. § 300.104(a), we lack jurisdiction to consider whether the alleged employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.

The appellant also alleges that the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b) by "keeping the announcement open for less than 24 hours in order to improve the chances of specific individuals that had prior knowledge that the announcement would be posted." PFR File, Tab 1 at 5. However, general allegations of violations of merit system principles and prohibited personnel practices do not constitute an independent source of Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Therefore, in the absence of an appealable action, the Board does not have jurisdiction to consider the appellant's allegations that the agency committed prohibited personnel practices. Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.